IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,320-01






EX PARTE RHEASHAD LAMAR LOTT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0900780-I IN THE CRIMINAL DISTRICT COURT NO. 2


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of engaging in
organized criminal activity, and he was sentenced to seventy years' incarceration. The Fifth Court
of Appeals affirmed the conviction in an unpublished opinion. Lott v. State, No. 05-09-01098-CR
(Tex.App.--Dallas del. Jun. 29, 2011).

 Applicant raises multiple claims, including claims of actual innocence, no evidence, appellate
court error, ineffective assistance of trial and appellate counsel, due process violations, and
prosecutorial misconduct. With regard to his ineffective assistance of trial counsel claims for failing
to request an accomplice witness instruction and for failing to impeach several witnesses, such as
Jones, Reagan, Holloway, Anderson, and Dority, with their prior inconsistent statements, Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668
(1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.Crim.App. 1999). This Court's independent
review of Applicant's remaining claims reveals them to lack merit.

 There is no response from trial counsel in the record provided to this Court, and there are no
findings from the trial court. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex.Crim.App. 1960), the trial court is the appropriate forum
for findings of fact.

 The trial court shall order trial counsel to respond to the above described claims of ineffective
assistance by explaining counsel's representation of Applicant, including applicable strategy and
tactical decisions. To obtain the response, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding whether trial
counsel was deficient and whether Applicant suffered harm. The trial court may also make any other
findings of fact and conclusions of law it deems relevant and appropriate to the disposition of
Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: October 24, 2012

Do not publish